IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **FACTORY MUTUAL INSURANCE COMPANY**, a Rhode Island corporation,<br><br>Plaintiff,<br><br>v.<br><br>**PERI FORMWORKS SYSTEMS, INC.**, a Maryland corporation,<br><br>Defendant, | Case No. 3:16-cv-264-SI<br><br>**OPINION AND ORDER** |

Stuart D. Jones, BULLIVANT HOUSER BAILEY PC, 300 Pioneer Tower, 888 SW Fifth Avenue, Portland, OR 97204. Of Attorneys for Plaintiff.

Robert W. Wilkinson, Angela M. Otto, and Kevin S. Mapes, BALL JANIK LLP, 101 SW Main Street, Suite 1100, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff, Factory Mutual Insurance Company ("Factory Mutual"), brings this lawsuit against Defendant, PERI Formworks Systems, Inc. ("PERI"), seeking to recover payments made to its insureds, Turner Construction Company ("Turner") and McClone Construction Company ("McClone"). Before the Court is PERI's motion for summary judgment. For the reasons that follow, PERI's motion is denied.

**STANDARDS**

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

**BACKGROUND**

This case involves a dispute arising out of the construction of a building on Intel's Hillsboro, Oregon campus. Intel contracted with Turner to serve as the general contractor for the project (the "Intel-Turner Contract"). Turner subcontracted with McClone to install concrete flooring decks (the "Turner-McClone Contract"). McClone subcontracted with PERI to supply concrete forms for the flooring decks (the "McClone-PERI Contract"). During the pouring of the floors, a problem allegedly arose with PERI's concrete forms. Construction was halted, and the already-poured concrete was removed and discarded. Factory Mutual, which provided a builder's risk insurance policy on the project (the "Insurance Policy"), paid $1,108,639.40 to McClone and $573,249.50 to Turner. In this lawsuit, Factory Mutual seeks to "step into the shoes" of Turner

PAGE 2 – OPINION AND ORDER

and McClone to recover from PERI under a theory of subrogation the payments made by Factory Mutual to Turner and McClone.

PERI has filed a motion for summary judgment, arguing that all claims asserted by Factory Mutual are barred by a subrogation waiver in the Intel-Turner Contract (the "Subrogation Waiver"), under which Intel and Turner, but not McClone, allegedly waived all claims against PERI. The Subrogation Waiver states:

> RECOVERY LIMITED TO INSURANCE PROCEEDS.
>
> The Owner [Intel] and the Contractor [Turner] waive all rights against (a) each other and their respective employees, agents and representatives, (b) the Subcontractors, the Sub-subcontractors, the Material Suppliers and the Sub-Suppliers and (c) the Architect/Engineer for loss or damage caused by the perils covered by the builder's risk property insurance under this Paragraph 10.03 (whoever provides it), except such rights as they may have, respectively and collectively, to the proceeds of the insurance under Subparagraphs 10.03-(2) and 10.03-(3) above.

ECF 66-1 at 121 (Intel-Turner Contract, § 10.03-(4)) (emphasis omitted).

On June 14, 2017, the Court heard oral argument on PERI's motion and requested supplemental briefing on "whether McClone . . . waived its rights against PERI." ECF 67. PERI argues that McClone also waived its rights against PERI because a provision in the Turner-McClone Contract incorporates the Subrogation Waiver by reference. On August 24, 2017, the Court heard additional oral argument on PERI's motion.

## DISCUSSION

Factory Mutual advances three primary arguments in opposition to PERI's motion for summary judgment. First, Factory Mutual argues that PERI waived its affirmative defense that Turner and McClone waived their claims against PERI. Second, Factory Mutual argues that PERI is judicially estopped from raising this defense. Third, Factory Mutual argues that even if PERI may raise this defense, PERI cannot enforce the Subrogation Waiver in the Intel-Turner

PAGE 3 – OPINION AND ORDER

Contract. Although the circumstances of this case permit PERI to raise its affirmative defense for the first time on summary judgment, the Court agrees with Factory Mutual that PERI cannot enforce the Subrogation Waiver as a matter of law and thus denies PERI's motion.

**A. Waiver of PERI's Arguments**

Factory Mutual argues that PERI waived its waiver defense by not "affirmatively stat[ing]" this defense in its response to the Complaint. Fed. R. Civ. P. 8(c)(1) (listing "waiver" as an affirmative defense). PERI was required affirmatively to plead this defense. *See Tokio Marine & Fire Ins. Co. Ltd. v. Emp'rs Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986). Although PERI's answer states nine affirmative defenses, none alleges waiver.

As its third affirmative defense, captioned "Material Breach," PERI asserts:

> Factory Mutual has no greater rights than those of its purported insureds, including McClone. McClone materially breached the PERI/McClone agreement and is therefore not entitled to any damages from PERI.

ECF 6 at 5 (¶ 34). As its fourth affirmative defense, captioned "Causation," PERI asserts:

> Factory Mutual has no greater rights than those [o]f its purported insureds, including McClone. To the extent Factory Mutual issued indemnity under the builder's risk policy, such damages are the direct and proximate result of McClone's (or others other than PERI) own actions.

ECF 6 at 5 (¶ 35). As its fifth affirmative defense, captioned "Failure to Mitigate Damages," PERI asserts:

> Factory Mutual has no greater rights than those [o]f its purported insureds, including McClone. Factory Mutual's purported insureds, including McClone, failed to mitigate the damages, if any, paid by Factory Mutual under the builder's risk policy.

ECF 6 at 5 (¶ 36). As its sixth affirmative defense, captioned "Conditions Precedent," PERI asserts:

> Factory Mutual has no greater rights than those [o]f its purported
> insureds, including McClone. McClone failed to fulfill conditions
> precedent to its claims against PERI, including failing to provide
> written notice to PERI within the terms specified in the
> PERI/McClone agreement.

ECF 6 at 5 (¶ 37). As its seventh affirmative defense, captioned "Exclusive Remedy," PERI asserts:

> Factory Mutual has no greater rights than those [o]f its purported
> insureds, including McClone. The PERI/McClone agreement
> requires McClone to provide written notice within 15 days of "a
> shipment with defective, incorrect, or damaged equipment" or in
> the event of "defects in drawings provided by PERI." McClone's
> exclusive remedy is PERI's undertaking to "repair, replace or
> furnish, as appropriate" any "defective, incorrect or damaged
> materials" and/or to "correct such [design] defect."

ECF 6 at 5-6 (¶ 38). As its ninth affirmative defense, captioned "Disclaimer," PERI asserts:

> Factory Mutual has no greater rights than those of its purported
> insureds, including McClone. The PERI/McClone agreement
> includes a disclaimer of any "consequential, contingent or
> incidental damages" and further provides that the sole remedy
> against PERI is provided for in the PERI/McClone agreement and
> that "PERI shall not be liable for any other damages, whether
> direct or consequential." Factory Mutual, as the purported
> subrogee of McClone, does not have any right to seek the damages
> identified in the Complaint.

ECF 6 at 6 (¶ 40).[1]

PERI argues that its repeated allegation that "Factory Mutual has no greater rights than those of its purported insureds," ECF 6 at 5-6, describes its waiver defense in "general terms" and provides "fair notice" of that defense to Factory Mutual. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). The Court disagrees. In none of PERI's affirmative defenses did PERI allege that any of Factory Mutual's insureds waived their claims against PERI

---

[1] PERI's first, second, and eighth affirmative defenses have no relevance to this discussion.

such that Factory Mutual, as the purported subrogee of one of those insureds, does not have any right to seek the damages identified in the Complaint.

Nevertheless, the Court concludes that Factory Mutual has failed to show any unfair prejudice from having to respond to PERI's waiver defense. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment."). Factory Mutual argues that it did not expect the waiver defense because PERI is not a third-party beneficiary of the Intel-Turner Contract. Factory Mutual, however, would have been aware of this potential defense by PERI at least by September 12, 2016, when PERI sent Factory Mutual a request for admission that the Intel-Turner Contract "includes a waiver of subrogation." ECF 76-1 at 2. In response to this request for admission, Factory Mutual made arguments similar to those contained in its briefing, including that PERI was not a third-party beneficiary of the Intel-Turner Contract and should be judicially estopped from making any such assertion. ECF 76-1 at 3-4. Moreover, the Court has given the parties an opportunity to engage in two rounds of briefing on PERI's motion and has heard two oral arguments on PERI's waiver defense. *Cf. Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (holding that "if the primary purpose of requiring collateral estoppel to be pled as an affirmative defense is providing notice and an opportunity to respond, that purpose was served in the instant case" when the district court permitted plaintiff to file a sur-reply and the issue had been fully briefed on appeal). Factory Mutual also does not argue that PERI failed to plead a waiver defense until the final round of briefing and thereby deprived Factory Mutual of a fair opportunity to respond.

Factory Mutual also argues that PERI waived its argument that the Subrogation Waiver bars Factory Mutual from stepping into the shoes of McClone by not raising it in the instant

motion for summary judgment. The Court finds that PERI properly raised this argument in its motion by moving against all claims brought by Factory Mutual and arguing that "Factory Mutual purports to step into the shoes of its insureds." ECF 60 at 4. The Court previously found that McClone is an insured. ECF 48 at 21. At the first oral argument, the Court observed that PERI had not properly supported its assertion that McClone waived its claims against PERI and gave PERI "an opportunity to properly support or address" this assertion. Fed. R. Civ. P. 56(e)(1). The parties then filed supplemental briefs. Thus, it is not unreasonable for the Court to conclude that PERI has not waived its affirmative defense of waiver.

## B. Judicial Estoppel

Factory Mutual also argues that PERI should be judicially estopped from invoking the protection of the Subrogation Waiver in the Intel-Turner Contract. Factory Mutual's judicial estoppel argument relies on PERI's successful response to Turner's motion to stay a separate lawsuit brought by PERI against Turner in state court and to compel PERI to participate in arbitration. In Turner's motion to stay and compel, Turner argued that the state court should compel arbitration by PERI under the arbitration provision that was contained in the Intel-Turner Contract, even though PERI was not a party or signatory to that agreement. ECF 63 at 48. The Intel-Turner Contract's arbitration provision required the "Parties" to that contract to submit their disputes to arbitration. ECF 66-1 at 15, 132 (Intel-Turner Contract, § 12.04). PERI successfully responded to Turner's motion by arguing that "it is axiomatic that non-parties to a contract are not bound by the terms of the contract," ECF 63 at 53, and that "PERI is not claiming to be a third-party beneficiary of *any* contract." ECF 63 at 54 (emphasis added). Neither of these litigation positions is inconsistent with PERI's articulation of its argument in this case that Factory Mutual's subrogation claims against PERI have been waived by any of Factory Mutual's insureds. If, however, PERI were to argue now that it was a third-party beneficiary of one of the

PAGE 7 – OPINION AND ORDER

underlying contracts, then it would be appropriate to find judicial estoppel. But that is not PERI's argument.

In its response to Turner's motion to compel arbitration, PERI also stated that "PERI is not a 'subcontractor' as that term is generally understood." ECF 63 at 51. PERI, however, did not make this assertion about the definition of "subcontractor" in the Subrogation Waiver of the Intel-Turner Contract, and Factory Mutual has not shown how PERI's assertion is inconsistent with PERI's position in this lawsuit. *See Hallberg v. City of Portland*, 230 Or. App. 355, 362 (2009) (holding that judicial estoppel requires "three predicates (1) a benefit; (2) obtained in a different judicial proceeding; [and] (3) by means of asserting a position inconsistent with a position asserted in a later judicial proceeding"). Thus, the doctrine of judicial estoppel does not apply.

C.  **PERI's Enforcement of the Subrogation Waiver**

PERI argues that Intel and Turner waived all claims against PERI in the Subrogation Waiver contained within the Intel-Turner Contract and that McClone waived its claims as well because the Subrogation Waiver is incorporated into the Turner-McClone Contract. Factory Mutual responds, *inter alia*, that PERI cannot enforce this waiver because PERI is not a party or signatory to the Intel-Turner Contract and also is not a third-party beneficiary of that contract. PERI concedes that it is not a third party beneficiary of the Intel-Turner and Turner-McClone Contracts. *See* ECF 73-1 at 30:13-15 (PERI confirming that it is "not asserting in this case [that it is] a third-party beneficiary"); ECF 75 at 12 (PERI asserting that it is not "making an affirmative claim to enforce a provision in a contract to which it was not a party or beneficiary."). PERI argues only that the law applicable to subrogation actions, such as this one, prevents Factory Mutual from acquiring any rights not possessed by its insureds, Turner and McClone. PERI further argues that because Turner and McClone waived all claims against PERI, Turner and

PAGE 8 – OPINION AND ORDER

McClone have no rights that can be asserted against PERI. Thus, the Court must determine whether a party that is neither a signatory nor a third-party beneficiary of a contract may invoke a provision in that contract to defend against a subrogation action.

The Oregon Court of Appeals summarized the doctrine of subrogation in *Koch v. Spann*:

> Subrogation is an equitable doctrine that is based on a theory of restitution and unjust enrichment. . . . In the insurance context, subrogation permits an insurer in certain instances to recover what it has paid to its insured by, in effect, standing in the shoes of the insured and pursuing a claim against the wrongdoer.
>
> The subrogated party acquires precisely the same rights as the party for whom it substitutes, and no more than that. Thus, in the insurance context, an insurer may pursue a subrogation claim only if its insured could have pursued the underlying claim, and the insurer's claim is subject to all of the defenses that could have been asserted if the insured had pursued the underlying claim.

193 Or. App. 608, 612 (2004) (internal citations omitted). In this case, Factory Mutual is "standing in the shoes" of its insureds, Turner and McClone. Thus, PERI may prevail under its waiver defense in this subrogation action only if PERI could have successfully maintained such a defense against Turner and McClone because Factory Mutual's claim is "subject to all of the defenses that could have been asserted if [Turner or McClone] had pursued the underlying claim." *Id.*

If this were a lawsuit brought against PERI by either Turner or McClone, PERI would not be able successfully to maintain a defense based on a waiver in a contract to which PERI was neither a party nor a third-party beneficiary. Under Oregon law, "a third party's right to enforce a contractual promise in its favor depends on the intention of the parties to the contract." *Sisters of St. Joseph of Peace, Health, & Hosp. Servs. v. Russell*, 318 Or. 370, 374 (1994). There are "three categories of third-party beneficiaries: donee beneficiaries, creditor beneficiaries, and incidental beneficiaries." *Id.* at 374-75. Only donee and creditor beneficiaries "are entitled to enforce

directly contractual promises intended to be for their benefit, even though they are strangers to the contract. Incidental beneficiaries are not so entitled." *Id.* at 375. Persons who are neither signatories nor third-party beneficiaries of a contract "cannot shield themselves with its protections." *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1166 (9th Cir. 1996). Because PERI concedes that it is neither a third-party beneficiary nor a signatory of (or party to) the Intel-Turner Contract (or the Turner-McClone Contract), PERI cannot shield itself with the Subrogation Waiver.

PERI argues that in *Commerce & Industry Insurance Co. v. Orth*, 254 Or. 226 (1969), the Oregon Supreme Court permitted a subcontractor to enforce a subrogation waiver in a contract that the subcontractor did not sign and of which it was not a third-party beneficiary. This is a misreading of that case. In *Orth*, a property owner's insurer sued a general contractor and multiple subcontractors after paying the owner's claim. *Id.* at 227-28. The contract between the owner and the general contractor required the owner to obtain insurance to cover certain losses occurring during a construction project. *Id.* at 228. The contract also contained the following waiver provision:

> The Owner, Contractor, and all subcontractors waive all rights, each against the others, for damages caused by fire or other perils covered by insurance provided under the terms of this article, except such rights as they may have to the proceeds of insurance held by the Owner as Trustee.

*Id.*

The Oregon Supreme Court held that the subcontractors could enforce this provision, finding that the "lack of privity between the owner and the various subcontractors [was] irrelevant because "we may assume that the subcontractors relied on the waiver provision, since it existed before they began performance." *Id.* at 232. In support of this reasoning, the Oregon Supreme Court in *Orth* cited *Pacific Northwest Bell Telephone Co. v. DeLong Corp.*, 246 Or.

369 (1967). *See Orth*, 254 Or. at 232. In *Pacific Northwest Bell*, the Oregon Supreme Court discussed whether a plaintiff could sue as a third-party beneficiary of a contract. 246 Or. at 373-74. Thus, the Oregon Supreme Court in *Orth* found that the lack of privity between the owner and the subcontractors was irrelevant only because the subcontractors were third-party beneficiaries of the contract between the owner and the contractor. *Orth*, 254 Or. at 232; *accord Willamette-W. Corp. v. Columbia Pac. Towing Co.*, 466 F.2d 1390, 1392 (9th Cir. 1972) (finding that a demise charterer could invoke a subrogation waiver in the insurance policy on a barge because the charterer was a donee beneficiary of the policy and had never waived its third-party benefit). In the case at bar, however, PERI does not argue that it was a third-party beneficiary of the Intel-Turner Contract.

The Court has reviewed the case law from other jurisdictions and finds that it similarly does not support PERI's position. A subcontractor may successfully invoke a subrogation waiver in a contract that it signed, but PERI did not sign the Intel-Turner Contract. *See, e.g.*, *Richmond Steel, Inc. v. Legal & Gen. Assurance Soc'y, Ltd.*, 821 F. Supp. 793, 800-01 (D.P.R. 1993); *see also Gen. Cigar Co. v. Lancaster Leaf Tobacco Co.*, 323 F. Supp. 931, 940 (D. Md. 1971) ("It has been recognized by numerous authorities that where parties to a business transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation *to the bargaining parties* who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party." (emphasis added)). A subcontractor may also be able to invoke a subrogation waiver in a contract between the owner and the general contractor against the general contractor when that provision is incorporated by reference in the contract between the subcontractor and the general contract, but no such provision is incorporated in the McClone-

PERI Contract. *See Turner Constr. Co. v. BFPE Int'l, Inc.*, 2016 WL 1169938, at *12-15 (D. Md. March 25, 2016). In other cases, subcontractors have successfully invoked a subrogation waiver in a contract between the owner and the contractor under a theory of third-party beneficiary, but PERI disclaims third-party beneficiary status. *See generally Ind. Ins. Co. v. Erhlich*, 880 F. Supp. 513, 520 (W.D. Mich. 1994); *U.S. Fid. & Guar. Co. v. Farrar's Plumbing & Heating Co.*, 762 P.2d 641, 642 (Ariz. Ct. App. 1988); *Behr v. Hook*, 787 A.2d 499, 505-06 (Vt. 2001). The Court is unaware of any case in which a subcontractor that has expressly disclaimed third-party beneficiary status has successfully invoked a subrogation waiver in a contract that it did not sign (and, thus, to which it was not a party).[2] Accordingly, PERI may not enforce the Subrogation Waiver contained in the Intel-Turner Contract.

The purpose of a subrogation waiver contained in an agreement under which a party agrees to provide insurance for the project is to ensure that the parties to that agreement will "look solely to the insurance in the event of loss and not to liability on the part of the opposing party." *Gen. Cigar Co.* 323 F. Supp. at 941; *see also Richmond Steel*, 821 F. Supp. at 801 ("An obligation on the owner to get insurance means that the parties would look to that insurance for protection."). PERI, however, seeks to enforce a waiver provision against Factory Mutual, as subrogee of Turner and McClone, but PERI's contract with McClone does not contain any waiver of claims by PERI against Turner and McClone and by Turner and McClone against

---

[2] There are a few cases in which courts have allowed a subcontractor to enforce a subrogation waiver in a contract between the owner and the general contractor when the court did not expressly find that the subcontractor was a third-party beneficiary of the contract. *See Tokio Marine & Fire*, 786 F.2d at 105; *St. Paul Fire & Marine Ins. Co. v. Elkay Mfg. Co.*, 2003 WL 139775, at *5 (Del. Super. Ct. Jan. 17, 2003); *Gray Ins. Co. v. Old Thyme Builders Inc.*, 878 So. 2d 603, 607 (La. Ct. App. 2004). In none of those cases, however, did the subcontractor expressly disclaim third-party beneficiary status.

PERI.[3] Because PERI did not waive its claims against Turner and McClone, PERI did not agree to look solely to the insurance in the event of loss. Moreover, PERI did not enroll in the insurance program provided by Intel through Factory Mutual. Thus, PERI's motion for summary judgment is denied.[4]

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF 60) is DENIED.

**IT IS SO ORDERED**.

DATED this 24th day of August, 2017.

/s/ Michael H. Simon<br>Michael H. Simon<br>United States District Judge

---

[3] PERI argues that Factory Mutual stands in Intel's shoes in this lawsuit. Even if Factory Mutual stands in Intel's shoes, however, PERI may not enforce the Subrogation Waiver against Intel because PERI did not sign and is not a third-party beneficiary of the Intel-Turner Contract.

[4] Factory Mutual also argues that the Subrogation Waiver only applies to claims against subcontractors and sub-suppliers that enrolled in Intel's Owner-Controlled Insurance Program ("OCIP"). Because PERI did not enroll in the OCIP, Factory Mutual argues, Intel and Turner did not waive their claims against PERI. Factory Mutual also argues that McClone did not waive its claims against PERI because the Turner-McClone Contract does not incorporate the Subrogation Waiver in the Intel-Turner Contract. The Court need not address these arguments because even if the Subrogation Waiver were incorporated in the Turner-McClone Contract and PERI was a subcontractor or sub-supplier, PERI may not invoke the protections of the Subrogation Waiver as a non-signatory (non-party) and non-third-party beneficiary of the Intel-Turner and Turner-McClone Contracts.